659 S.E.2d 209

**MBNA AMERICA BANK, N.A., Appellant**

v.

**Mark CHRISTIANSON, Respondent.**

No. 4349.

Court of Appeals of South Carolina.

Heard Feb. 5, 2008.
Decided March 4, 2008.

Edward E. Gilbert, of North Charleston, for Appellant.

David C. Alford, of Spartanburg, for Respondent.

SHORT, J.:

MBNA America Bank, N.A. (MBNA) appeals the circuit court's grant of Mark Christianson's motion to vacate an arbitration award. We affirm.

## FACTS

MBNA filed an arbitration claim against Mark Christianson in the National Arbitration Forum (the Forum) alleging he had entered into and defaulted on a credit card agreement. Christianson responded several times asserting he never agreed to arbitrate. Despite Christianson's assertions, the Forum continued with the claim and determined the parties entered into an arbitration agreement. The Forum awarded MBNA $13,579.57.

MBNA filed an application for confirmation of the arbitration award in the circuit court, and Christianson filed a motion to vacate the award. MBNA filed a Memorandum of Law in response and attached an unsigned, undated photocopy of one page of a pamphlet it alleges is the arbitration agreement. MBNA provided no other evidence of the existence of an arbitration agreement between these parties.

The circuit court found MBNA failed to provide evidence Christianson agreed to arbitration and the Forum had no jurisdiction to hear the matter absent an arbitration agreement. Accordingly, the circuit court granted Christianson's motion to vacate the award. This appeal followed.

## STANDARD OF REVIEW

Unless the parties otherwise provide, the question of the arbitrability of a claim is an issue for judicial determination. *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553

S.E.2d 110, 118 (2001). Determinations of arbitrability are subject to de novo review, but if any evidence reasonably supports the circuit courts factual findings, this court will not overrule those findings. *Stokes v. Metro. Life Ins. Co.,* 351 S.C. 606, 609–10, 571 S.E.2d 711, 713 (Ct.App.2002).

## LAW/ANALYSIS

### I. The South Carolina Uniform Arbitration Act and the Federal Arbitration Act (FAA)

The parties to this appeal cite to South Carolina and federal law governing arbitration. Christianson argues MBNA "should not be allowed to argue federal or state [law] at its whim." Accordingly, we initially address this conflict of laws issue. Unless the parties have otherwise contracted, the FAA applies in federal or state court to any arbitration agreement regarding a transaction that involves interstate commerce. *Munoz v. Green Tree Fin. Corp.,* 343 S.C. 531, 538, 542 S.E.2d 360, 363 (2001). " '[I]nvolving commerce' is the same as 'affecting commerce,' which has been broadly interpreted to mean Congress intended to utilize its powers to regulate interstate commerce to its full extent." *Blanton v. Stathos,* 351 S.C. 534, 540, 570 S.E.2d 565, 568 (Ct.App.2002). "To ascertain whether a transaction involves commerce within the meaning of the FAA, the court must examine the agreement, the complaint, and the surrounding facts." *Zabinski,* 346 S.C. at 594, 553 S.E.2d at 117. Here, the underlying facts involve interstate commerce.

Despite application of the FAA, however, South Carolina law applies to the initial determination of whether an arbitration agreement exists. *See Munoz,* 343 S.C. at 539, 542 S.E.2d at 364 (General contract principles of state law apply in a court's evaluation of the enforceability of an arbitration clause.). *See also MBNA Am. Bank, N.A. v. Straub,* 12 Misc.3d 963, 815 N.Y.S.2d 450, 452 (N.Y.City Civ.Ct.2006) ("Judicial review of the petition should commence under the New York provisions governing confirmation of an arbitration award, but if the written contract and cardholder agreement are established by the petition the manner of service of the notice and award and treatment of supplementary information should be considered under the Federal Arbitration Act provi-

sions. . . ."). Accordingly, we apply South Carolina law to the initial determination of arbitrability but look to federal law for additional guidance.

## II. Motion to Vacate the Arbitration Award

■ MBNA argues the circuit court erred in granting Christianson's motion to vacate the arbitration award because the motion was filed more than ninety days subsequent to the entry of the award. We disagree.

An application to vacate, modify, or correct an arbitration award must be made within ninety days. S.C.Code Ann. § 15–48–130(b) (2005) ("An application [for vacating, modifying, or correcting the award] shall be made within ninety days after delivery of a copy of the award to the applicant."). *See also* 9 U.S.C.A. § 12 (1999) ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.").

However, in this case, Christianson disputed the existence of an agreement to arbitrate with MBNA prior to entry of the award. "On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate." S.C.Code Ann. § 15–48–20(b) (2005). Similarly, the FAA provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed. . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default . . ., the court shall hear and determine such issue. . . . [If a jury trial is demanded and] the jury find[s] that no agreement in writing for arbitration was made . . . the proceeding shall be dismissed.

9 U.S.C.A. § 4 (1999).

We find support from the Kansas Supreme Court in *MBNA America Bank, N.A. v. Credit*, 281 Kan. 655, 132 P.3d 898 (2006). Therein, the Court noted MBNA could not rely on the

debtor's tardiness in challenging the award if the arbitrator never had jurisdiction to arbitrate and enter an award. *Credit*, 132 P.3d at 900. The Kansas court stated: "An agreement to arbitrate bestows such jurisdiction. When the existence of the agreement is challenged, the issue must be settled by a court before the arbitrator may proceed." *Id.* (citing 9 U.S.C. § 4 (2000); Kan. Stat. Ann. § 5–402).[1] The court found that "[u]nder both federal and state law, [the debtor's] objection to the arbitrator meant the responsibility fell to MBNA to litigate the issue of the agreement's existence. Neither MBNA, as the party asserting existence of an arbitration agreement, nor the arbitrator was simply free to go forward with the arbitration as though [the debtor] had not challenged the existence of an agreement to do so." *Id.* at 900–01 (citing 9 U.S.C. § 4; Kan. Stat. Ann. § 5–402). The Kansas court looked "to MBNA as the appellant to demonstrate that the objection was somehow ineffective to trigger its responsibility to seek court intervention to compel arbitration." *Id.* at 900.

> If there is a challenge to the arbitration, it is for the courts, not the arbitrator, to decide whether the agreement to arbitrate exists and whether the issue in dispute falls within the agreement to arbitrate.... Under either the Federal Act or the Kansas Act, the arbitrator's power to resolve the dispute must find its source in the agreement between the parties. The arbitrator has no independent source of jurisdiction apart from consent of the parties....

*Id.* at 901 (quoting Dreyer, *Arbitration Under the Kansas Arbitration Act: The Role of the Courts*, 59 J. Kan. B. Ass'n. 33, 35 (May 1990)) (omissions by court). Accordingly, once Christianson disputed the existence of an arbitration agreement, the Forum did not have jurisdiction to enter an arbitration award until MBNA petitioned the courts to compel arbitration.

█ Furthermore, MBNA did not demonstrate to the circuit court that Christianson had agreed to arbitrate. Before a

---

1. The Kansas statutes, relied upon by the Kansas Supreme Court, are identical to our corresponding statutes. *See* Kan. Stat. Ann. § 5–402 & S.C.Code Ann. § 15–48–20 (proceedings to compel or stay arbitration); Kan. Stat. Ann. § 5–411 & S.C.Code Ann. § 15–48–120 (confirmation of an award); Kan. Stat. Ann. § 5–412 & S.C.Code Ann. § 15–48–130 (vacating an award).

circuit court confirms an arbitration award subject to the Federal Arbitration Act, there must be evidence of an arbitration agreement. 9 U.S.C.A. § 13 (1999). The Kansas Supreme Court, addressing this issue in *Credit*, found:

> MBNA failed to attach a copy of the arbitration agreement to its motion to confirm the award. This violated the Federal Arbitration Act for which MBNA intermittently expresses respect. . . . This alone would have justified the district court in its decision to deny MBNA's motion to confirm the award.

132 P.3d at 901 (citing 9 U.S.C. § 13 (2000)). According to 9 U.S.C.A. § 13:

> The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:

> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.

9 U.S.C.A. § 13 (1999). MBNA denies this code section requires it to file the agreement with its application for confirmation of the award. MBNA argues the statute merely requires the agreement to be filed before the clerk performs the ministerial act of entering the judgment. We again look to foreign jurisdiction for guidance in rejecting this argument. *See, e.g., MBNA Am. Bank, N.A. v. Boata*, 94 Conn.App. 559, 893 A.2d 479 (2006); *MBNA Am. Bank, N.A. v. Berlin*, 2005 WL 3193850 (Ohio Ct.App.2005). As stated by the Kansas Supreme Court, "Given MBNA's casual approach to this litigation, we are not surprised that [a national trend in which consumers are questioning MBNA and whether arbitration agreements exist] may be growing." *Credit*, 132 P.3d at 902.

Accordingly, we find no error by the circuit court in granting Christianson's motion to vacate the arbitration award.

**III. Notice**

MBNA next contends the circuit court improperly relied on issues Christianson raised for the first time at the hearing. We find this issue is not preserved for appellate review.

Christianson proceeded *pro se* in filing his motion to vacate the arbitration award. Before the hearing on the motion to vacate and MBNA's motion to confirm the award, Christianson obtained counsel, who filed a memorandum. MBNA's counsel could not attend the hearing but sent another attorney in his stead. At the hearing, this attorney did not raise the issue that MBNA lacked notice of Christianson's memorandum, nor did the attorney ask for a continuance. Accordingly, this issue is not preserved for our review. *See In re Michael H.*, 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) ("An issue may not be raised for the first time on appeal. In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court."); *Lucas v. Rawl Family Ltd. Pship.*, 359 S.C. 505, 510–11, 598 S.E.2d 712, 715 (2004) ("It is well settled that, but for a very few exceptional circumstances, an appellate court cannot address an issue unless it was raised to and ruled upon by the trial court.").

## CONCLUSION

For the foregoing reasons, the order on appeal is
**AFFIRMED.**

ANDERSON and THOMAS, JJ., concur.