THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Colony United
 Business Brokers, Inc., Respondent,
 v.
 Sue Price DBA
 Danny's Party Shop, AKA Danny's Party Store, Appellant.
 
 
 

Appeal From Richland County
 L. Casey Manning, Circuit Court Judge

Unpublished Opinion No.  2008-UP-713
 Heard December 3, 2008  Filed December
16, 2008

REVERSED

 
 
 
 Hammond A.
 Beale, Jr., of Columbia, for Appellant.
 James W. Poag, Jr.,  of Columbia, for Respondent.
 
 
 

PER CURIAM:  Sue
 Price (Seller) appeals the trial courts decision to affirm an arbitration
 award.  We reverse.  
FACTS
Seller entered into a listing agreement (the Agreement) with
 Colony United Brokers (Agent) for the sale of her business, Dannys Package
 Store, which also did business as Dannys Party Store.  Pursuant to the
 Agreement, Agent was required to find a purchaser for Sellers business.  In
 return, Seller agreed to pay Agent ten percent of the purchase price.  
Agent procured Thomas Gill (Buyer) to purchase the
 business.  Agent facilitated appointments between Seller and Buyer, and on
 September 11, 2003, Buyer made an offer of $95,000 to purchase the business.  A
 few days later Seller made a counteroffer of $97,500, which Buyer accepted.  However,
 Buyer and Seller were unable to close the deal.  
Agent sought its commission from Seller, but Seller
 refused.  Seller maintained she mailed a letter to Agent terminating the
 Agreement prior to Agent procuring Buyer.  Agent argued it never received the
 letter.  Consequently, Agent instituted an arbitration action with the American
 Arbitration Association (the AAA) to resolve the disagreement.  Seller objected
 to the jurisdiction of the AAA on the grounds that an arbitration agreement did
 not exist between the parties.  
Arbitration was conducted by the AAA.  The arbitrator found
 for Agent and concluded there was a contract between Agent and Seller and
 Seller had breached this contract.  Additionally, the arbitrator awarded Agent
 its commission along with attorneys fees.  Seller, through her attorney filed
 a motion to vacate the arbitration award.  The trial court affirmed the
 arbitration award and granted judgment in favor of Agent.  This appeal follows. 
STANDARD
 OF REVIEW
Determinations of
 arbitrability are subject to de novo review.  MBNA Am. Bank v. Christianson,
 377 S.C. 210, 213, 659 S.E.2d 209, 211 (Ct. App. 2008).   However, a circuit
 courts factual findings will not be reversed on appeal if there is any
 evidence reasonably supporting the findings.  Id.
LAW/ANALYSIS
An
 arbitrator does not have jurisdiction to enter an arbitration award in favor of
 one party if the opposing party disputes the existence of an agreement to
 arbitrate.  Id. at 215, 659 S.E.2d at 212.  In such a case, it is the
 responsibility of the party desiring arbitration to petition the trial court to
 compel arbitration because it is the duty of the courts rather than the
 arbitrator to determine whether such an agreement exists.  Id.  
In
 the present case, Agent instituted an arbitration action with the AAA to
 arbitrate the issue of whether it was owed commission for producing Buyer.  In
 response, Seller objected to the jurisdiction of the AAA on the ground that
 there [was] no existing arbitration agreement between the parties.  At this
 point, the AAA was without jurisdiction to enter an arbitration award because
 Seller had objected on the grounds that an arbitration agreement did not exist
 between the parties.  As such, the AAA did not have the authority to enter the
 award, and the trial court committed reversible error when it did not grant the
 motion to vacate the arbitration award.  See Simpson v. MSA of Myrtle
 Beach, Inc., 373 S.C. 14, 23-24, 644 S.E.2d 663, 667-68 (2007) (stating if
 one party denies the existence of an arbitration agreement a court must
 immediately determine whether the agreement exists in the first place); MBNA
 Am. Bank, 377 S.C. at 214-15, 659 S.E.2d at 211-12 (holding the arbitrator
 lacked jurisdiction to enter an arbitration award in favor of a bank and
 against a credit card holder once the card holder disputed the existence of an
 agreement to arbitrate and the bank failed to petition the trial court to
 compel arbitration).
Interestingly,
 neither party raised the jurisdictional issue.  However, lack of subject matter
 jurisdiction can be raised at any time, can be raised for the
 first time on appeal, and can be raised sua sponte by the court.  Nix v. Columbia Staffing Inc., 322 S.C. 277, 280, 471 S.E.2d 718, 719
 (Ct. App. 1996).  Moreover, the parties may not consent to subject matter
 jurisdiction.  Talnall v. Gardner, 350 S.C. 135, 137, 564 S.E.2d 377,
 378 (Ct. App. 2002).  Thus, it is proper for this Court to consider this issue. 
CONCLUSION
Accordingly,
 the circuit courts decision is 
REVERSED.
WILLIAMS and GEATHERS, JJ., and CURETON, A.J.,
 concur.