693 S.E.2d 434

**Adel A. FALTAOUS and Mona S. Faltaous, Respondents,**

v.

**ANDERSON OCEAN CLUB DEVELOPMENT, LLC and New Resorts, LLC, Defendants,**

**Of Whom Anderson Ocean Club Development, LLC, is Appellant.**

**No. 4679.**

Court of Appeals of South Carolina.

Heard Nov. 16, 2009.

Decided April 28, 2010.

David B. Miller and Benjamin A. Baroody, both of Myrtle Beach, for Appellant.

William A. Bryan, of Surfside Beach, for Respondents.

SHORT, J.

Anderson Ocean Club Development, LLC (Seller) appeals the trial court's decision denying a motion to compel arbitration. We affirm.

## FACTS

Adel Faltaous and Mona Faltaous (collectively, Buyers) signed a preconstruction contract, in which they agreed to purchase a condominium building from Seller for a price of $710,000. Seller agreed to construct the building in Myrtle Beach, South Carolina. The contract required Buyers to pay $106,500 in earnest-money deposit, which they did.

After the building was substantially complete, Buyers visited the property and first learned that parking for the condominium building was not onsite but rather, was located two streets behind the condominium. Upon learning this, Buyers requested they be refunded their earnest-money deposit. Seller refused this request, and Buyers filed a lawsuit. In their complaint, Buyers asserted causes of actions for breach of contract, negligent misrepresentation, and unfair trade practices. The complaint was later amended to add a cause of action based upon a violation of the Interstate Land Sales Full Disclosure Act.

Seller counterclaimed and sought specific performance to require Buyers to close the purchase, damages based on breach of contract, and a declaratory judgment. Additionally, Seller filed a motion to compel arbitration based on the arbitration clause in the contract. The trial court issued an order denying the motion, finding the dispute between the parties did not come within the scope of the arbitration clause. This appeal followed.

## STANDARD OF REVIEW

Determinations of arbitrability are subject to de novo review. *MBNA Am. Bank v. Christianson*, 377 S.C. 210, 213, 659 S.E.2d 209, 211 (Ct.App.2008). However, a circuit court's factual findings will not be reversed on appeal if any evidence reasonably supports the findings. *Id.*

## LAW/ANALYSIS

Seller argues the trial court erred in concluding the dispute did not come within the scope of the arbitration clause. We disagree.

Unless the parties provide otherwise, the question of the arbitrability of a claim is an issue for judicial determination. *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596–97, 553 S.E.2d 110, 118–19 (2001). The policy of this State is to favor arbitration of disputes. *Id.* Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute that he or she has not agreed to submit. *Id.* Because arbitration rests on the agreement of the parties, the range of issues that can be arbitrated is restricted by the terms of the agreement. *Id.*

To decide whether an arbitration agreement encompasses a dispute, we must determine whether the factual allegations underlying the claim are within the scope of the arbitration clause, regardless of the label assigned to the claim. *Id.* However, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Id.* Additionally, unless we can say with positive assurance the arbitration clause is not susceptible to an interpretation that covers the dispute, arbitration should be ordered. *Id.*

The first page of the contract includes the following: *"THIS AGREEMENT CONTAINS A BINDING AND IRREVOCABLE AGREEMENT TO ARBITRATE ANY AND ALL DISPUTES AND CLAIMS PURSUANT TO THE SOUTH CAROLINA UNIFORM ARBITRATION ACT FOUND AT CODE SECTION 15–48–10, ET. SEQ."* Additionally, paragraph 19 of the contract states:

> *ARBITRATION AGREEMENT* : Any and all claims, disputes, demands, actions and causes of action of every nature and kind which arise out of or are in any manner whatsoever related to the development, design, construction, condition, merchantability, habitability, fitness for a particular purpose or any other implied or express warranty for the common elements of or the individual units at the [condominium] that are asserted against Seller, the architect or contractor for the Project, and their respective agents, employees, owners, officers, subcontractors, consultants, successors or assigns by any entity formed to serve as the Regime's Homeowners' Association or by any person or entity which now has or hereafter acquires any interest in a unit at the [condominium] shall be subject to and resolved by final and binding arbitration conducted in Horry County, South Carolina pursuant to the terms of the South Carolina Arbitration Act found at South Carolina Code Section 15–48–10, et. seq.

Buyers sued for breach of contract, negligent misrepresentation, unfair trade practices, and a violation of the Interstate Land Sales Full Disclosure Act. Seller counterclaimed for declaratory judgment, breach of contract, and specific performance. Even if we assume Buyers' claims fall within the arbitration clause, Seller's counterclaims do not.

Seller sought specific performance requiring Buyers to close the purchase and argued it was entitled to Buyers' earnest-money deposit. As counsel for Seller acknowledged during oral arguments, neither of these claims fall within the purview of the arbitration clause.

The introductory words to the arbitration clause are broad, stating "[a]ny and all claims." However, following these words, the clause is drawn specifically and limits the matters that can be arbitrated to disputes that result "from the

development, design, construction, condition, merchantability, habitability, fitness for a particular purpose or any other implied or express warranty for the common elements of or the individual units at the [condominium]. . . ." Disputes that arise out of the contract itself, as Seller's counterclaims do, are absent from the arbitration clause's reach. Therefore, we find the trial court properly denied Seller's motion to compel arbitration.

## CONCLUSION

Accordingly, the trial court's decision is

**AFFIRMED.**

THOMAS and KONDUROS, JJ., concur.