**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ralph Wayne Parsons, Jr., and Louise C. Parsons, Respondents,

v.

John Wieland Homes and Neighborhoods of the Carolinas, Inc., Wells Fargo Bank, N.A., and South Carolina Bank & Trust, N.A., Defendants,

Of whom John Wieland Homes and Neighborhoods of the Carolinas, Inc. is the Appellant.

Appellate Case No. 2011-201528

———————————

Appeal From York County
S. Jackson Kimball, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-296
Heard February 6, 2013 – Filed June 26, 2013
Withdrawn, Substituted and Refiled August 28, 2013

———————————

**AFFIRMED**

———————————

George Trenholm Walker, Ian Wesley Freeman, and Daniel Simmons McQueeney, Jr., all of Pratt-Thomas Walker, PA, of Charleston, for Appellant.

Herbert W. Hamilton and Christi P. Cox, both of Hamilton Martens Ballou & Carroll, LLC, of Rock Hill; and Tracy Thompson Vann, of Nexsen Pruet, LLC, of Charlotte, NC, for Respondents.

---

**PER CURIAM:** This case arises from Ralph Wayne Parsons, Jr. and Louise C. Parsons's purchase of real property located in Fort Mill (the Property) from John Wieland Homes and Neighborhoods of the Carolinas, Inc. (Wieland). Wieland argues the trial court erred in declining to enforce an arbitration agreement found in the contract governing the purchase of the property. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in finding the arbitration agreement did not apply to the Parsonses' claims: Bradley v. Brentwood Homes, Inc., 398 S.C. 447, 453, 730 S.E.2d 312, 315 (2012) (noting although arbitrability determinations are subject to de novo review, the trial court's factual findings will not be reversed if reasonably supported by any evidence); Faltaous v. Anderson Ocean Club Dev., LLC, 388 S.C. 45, 48, 693 S.E.2d 434, 435 (Ct. App. 2010) ("Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute that he or she has not agreed to submit. Because arbitration rests on the agreement of the parties, the range of issues that can be arbitrated is restricted by the terms of the agreement." (internal citation omitted)).

2. As to whether the trial court erred in finding Wieland's failure to disclose hazardous substances buried on the Property amounted to conduct that was unanticipated and unforeseeable by a reasonable consumer: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address remaining issues on appeal when the disposition of a prior issue is dispositive).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**