**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Trina Dawkins, as Personal Representative of the Estate of William Dawkins, Respondent,

v.

Fundamental Clinical and Operational Services, LLC; Fundamental Administrative Services, LLC; THI of South Carolina, LLC; THI of South Carolina at Spartanburg, LLC; THI of South Carolina at Magnolia Manor-Spartanburg, LLC d/b/a Magnolia Manor-Spartanburg, Appellants.

Appellate Case No. 2021-000707

———

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

———

Unpublished Opinion No. 2023-UP-392
Submitted December 5, 2023 – Filed December 13, 2023

———

**AFFIRMED**

———

Stephen Lynwood Brown, James D. Gandy, III, Russell Grainger Hines, Donald Jay Davis, Jr, and Ted Ashton Phillips, III, all of Clement Rivers, LLP, of Charleston, for Appellants.

William Ashley Jordan, III, of Jordan Law Center, LLC, of Greenville, for Respondent.

_____

**PER CURIAM:**  Appellants' appeal the circuit court's order denying their motions to stay and THI of South Carolina at Spartanburg, LLC's (the Facility's) motion to compel to arbitration the claims of Trina Dawkins, as Personal Representative of the Estate of William Dawkins.  On appeal, the Facility argues the circuit court erred by denying its motion to compel arbitration.  We affirm pursuant to Rule 220(b), SCACR.

First, we hold the circuit court did not err in denying the Facility's motion to compel arbitration because the Admission Agreement and the Arbitration Agreement did not merge.[1]  *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."); *Wilson v. Willis*, 426 S.C. 326, 335, 827 S.E.2d 167, 172 (2019) ("Whether an arbitration agreement may be enforced against a nonsignatory to the agreement is a matter subject to de novo review by an appellate court."); *Est. of Solesbee by Bayne v. Fundamental Clinical & Operational Servs., LLC*, 438 S.C. 638, 648-49, 885 S.E.2d 144, 149 (Ct. App. 2023), *cert. pending* (finding the admission agreement and arbitration agreement did not merge after considering (1) the admission agreement provided it was governed by South Carolina law and the arbitration agreement provided it was governed by federal law, (2) the arbitration agreement recognized the two documents were separate by stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement," (3) the documents were separately paginated and had their own signature pages, and (4) signing the arbitration agreement was not a precondition to admission); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that by their own terms, language in the admission agreement that "recognize[d] the 'separatedness' of [the arbitration agreement] and the admission agreement" and a clause allowing the arbitration

_____

[1] Because we hold the circuit court did not err by denying the Facility's motion to compel arbitration, it also did not err by denying Appellants' motions to stay.

agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 562-63, 813 S.E.2d 292, 302 (Ct. App. 2018) (determining an admissions agreement and arbitration agreement did not merge because the fact "the [a]dmissions [a]greement indicated it was governed by South Carolina law, whereas the [a]rbitration [a]greement stated it was governed by federal law[,]" "each document was separately paginated and had its own signature page[,]" and "the [a]rbitration [a]greement stated signing it was not a precondition to admission" evidenced the parties' intention that the documents be construed as separate instruments).  Here, as in *Solesbee* and *Hodge*, (1) the two agreements were governed by different bodies of law because the Admission Agreement was governed by state law and the Arbitration Agreement was governed by federal law; (2) each document was separately labeled, numbered, and contained its own signature page; (3) the Arbitration Agreement recognized the two documents were separate, stating the Arbitration Agreement "shall survive any termination or breach of this Agreement or the Admission Agreement"; and (4) the Facility acknowledged that signing the Arbitration Agreement was not a prerequisite to admission to the Facility.  Thus, the Admission Agreement and Arbitration Agreement did not merge.  Because we find the documents did not merge, a controlling consideration of whether the Arbitration Agreement bound William Dawkins, we decline to reach the Facility's remaining arguments.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Est. of Solesbee*, 438 S.C. at 649, 885 S.E.2d at 149 (determining that because the admission agreement and arbitration agreement did not merge, the equitable estoppel argument was properly denied); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was properly denied by the circuit court."); *Hodge*, 422 S.C. at 563, 813 S.E.2d at 302 (concluding "equitable estoppel would only apply if documents were merged").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.