**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Steven McCarson, as Personal Representative of the Estate of Louie Arches, Respondent,

v.

THI of South Carolina at Magnolia Manor-Inman, LLC d/b/a Magnolia Manor-Inman; THI of South Carolina at Inman, LLC; THI of South Carolina, LLC; Hunt Valley Holdings, LLC; Fundamental Administrative Services, LLC; Fundamental Clinical and Operational Services, LLC; THI of Baltimore, LLC; and James H. Mack, Appellants.

Appellate Case No. 2023-001371

---

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-320
Submitted September 19, 2024 – Filed September 25, 2024

---

**AFFIRMED**

---

Stephen Lynwood Brown, Russell Grainger Hines, Donald Jay Davis, Jr., and James D. Gandy, III, all of Clement Rivers, LLP, of Charleston, for Appellants.

Jamie L. Walters, of Koon Cook and Walters, LLC, of Columbia; John Elliott Parker, Jr., Lee Deer Cope, and Virginia Caitlin Ball, all of Parker Law Group, LLP, of Hampton, all for Respondent.

———————————

**PER CURIAM:** THI of South Carolina at Magnolia Manor-Inman, LLC d/b/a Magnolia Manor-Inman (the Facility); THI of South Carolina, LLC; Hunt Valley Holdings, LLC; Fundamental Administrative Services, LLC; Fundamental Clinical and Operational Services, LLC; THI of Baltimore, LLC; and James H. Mack appeal the circuit court's order denying the Facility's motion to compel to arbitration the claims of Steven McCarson, as Personal Representative of the Estate of Louie Arches and the denial of the remaining Appellants' motions to stay the case pending arbitration.[1]  On appeal, the Facility argues the circuit court erred by denying its motion to compel arbitration.  It further argues, that "[a]t a minimum," the circuit court should have granted the Facility's alternative request to conduct limited discovery to address gaps in the evidentiary record bearing on the Arbitration Agreement's enforceability under an agency theory.[2]  We affirm pursuant to Rule 220(b), SCACR.

First, we hold the circuit court did not err in denying the Facility's motion to compel arbitration because the Admission Agreement and the Arbitration Agreement did not merge.  *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."); *MBNA Am. Bank, N.A. v. Christianson*, 377 S.C. 210, 214, 659 S.E.2d 209, 211 (Ct. App. 2008) ("[W]e apply South Carolina law to the initial determination of

---

[1] In September 2022, the parties stipulated to the dismissal of THI of South Carolina at Inman, LLC from the case.

[2] The Facility also raised on appeal "[o]ut of an abundance of caution" the circuit court erred by referring to defendants collectively in its order because only the Facility admitted they operated the facility or had provided care or treatment to Arches.  We hold the circuit court collectively referred to defendants in the plural only for the purposes of determining whether to compel arbitration.

arbitrability but look to federal law for additional guidance."); *Wilson v. Willis*, 426 S.C. 326, 335, 827 S.E.2d 167, 172 (2019) ("Whether an arbitration agreement may be enforced against a nonsignatory to the agreement is a matter subject to de novo review by an appellate court."); *Est. of Solesbee by Bayne v. Fundamental Clinical & Operational Servs., LLC*, 438 S.C. 638, 648-49, 885 S.E.2d 144, 149 (Ct. App. 2023), *cert. denied* (Apr. 16, 2024) (finding the admission agreement and arbitration agreement did not merge after considering (1) the admission agreement provided it was governed by South Carolina law and the arbitration agreement provided it was governed by federal law, (2) the arbitration agreement recognized the two documents were separate by stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement," (3) the documents were separately paginated and had their own signature pages, and (4) signing the arbitration agreement was not a precondition to admission); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that by their own terms, language in the admission agreement that "recognize[d] the 'separatedness' of [the arbitration agreement] and the admission agreement" and a clause allowing the arbitration agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 562-63, 813 S.E.2d 292, 302 (Ct. App. 2018) (determining an admissions agreement and arbitration agreement did not merge because the fact "the [a]dmissions [a]greement indicated it was governed by South Carolina law, whereas the [a]rbitration [a]greement stated it was governed by federal law[,]" "each document was separately paginated and had its own signature page[,]" and "the [a]rbitration [a]greement stated signing it was not a precondition to admission" evidenced the parties' intention that the documents be construed as separate instruments). Here, as in *Solesbee* and *Hodge*, (1) the two agreements were governed by different bodies of law because the Admission Agreement was governed by state law and the Arbitration Agreement was governed by federal law; (2) each document was separately labeled, numbered, and contained its own signature page; (3) the Arbitration Agreement recognized the two documents were separate, stating the Arbitration Agreement "shall survive any termination or breach of this Agreement or the Admission Agreement"; and (4) the Facility acknowledged that signing the Arbitration Agreement was not a prerequisite to admission to the Facility. Thus, the Admission Agreement and Arbitration Agreement did not merge. Because we find the documents did not merge, a controlling consideration of whether the Arbitration Agreement bound Arches, we decline to reach the Facility's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999)

(ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Est. of Solesbee*, 438 S.C. at 649, 885 S.E.2d at 149 (determining that because the admission agreement and arbitration agreement did not merge, the equitable estoppel argument was properly denied); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was properly denied by the circuit court."); *Hodge*, 422 S.C. at 563, 813 S.E.2d at 302 (concluding "equitable estoppel would only apply if documents were merged").

Second, we hold the circuit court did not err by denying the Facility's request to conduct limited discovery to address gaps in the evidentiary record bearing on the Arbitration Agreement's enforceability under an agency theory. *See Est. of Solesbee*, 438 S.C. at 651, 885 S.E.2d at 150 ("Because we find the trial court correctly held there was no merger of the Agreements and Magnolia's equitable estoppel argument was properly denied, we also find the court did not err in denying its request for further discovery when it would not have changed the result.").

**AFFIRMED.**[3]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.