**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Timothy Hutley, Guardian for Jane Doe, Respondent,

v.

THI of South Carolina at Magnolia Manor Inman, LLC; THI of Baltimore, Inc.; THI of South Carolina, LLC; Hunt Valley Holdings, LLC; THI of South Carolina at Inman, LLC; Murray Forman; and Kathy Scroggs, Individually, Defendants,

Of which THI of South Carolina at Magnolia Manor Inman, LLC; THI of Baltimore, Inc.; THI of South Carolina, LLC; and Hunt Valley Holdings, LLC, are the Appellants.

Appellate Case No. 2023-001612

Appeal From Spartanburg County
Grace Gilchrist Knie, Circuit Court Judge

Unpublished Opinion No. 2024-UP-399
Submitted November 20, 2024 – Filed November 27, 2024

**AFFIRMED**

Stephen Lynwood Brown, Russell Grainger Hines, Donald Jay Davis, Jr., James D. Gandy, III, all of Clement Rivers, LLP, of Charleston, for Appellants.

Charles Daniel Pruitt, of Greenville, for Respondent.

**PER CURIAM:**  THI of South Carolina at Magnolia Manor Inman, LLC (the Facility); THI of Baltimore, Inc.; THI of South Carolina, LLC; and Hunt Valley Holdings, LLC appeal the circuit court's order denying the Facility's motion to compel to arbitration the claims of Timothy Hutley, Guardian for Jane Doe and the denial of the remaining Appellants' motions to stay the case pending arbitration. On appeal, the Facility argues the circuit court erred by denying its motion to compel arbitration.  It further argues, that "[a]t a minimum," the circuit court should have granted the Facility's alternative request to conduct limited discovery to address gaps in the evidentiary record bearing on the Arbitration Agreement's enforceability under an agency theory.[1]  We affirm pursuant to Rule 220(b), SCACR.

First, we hold the circuit court did not err in denying the Facility's motion to compel arbitration because the Admission Agreement and the Arbitration Agreement did not merge.  *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."); *MBNA Am. Bank, N.A. v. Christianson*, 377 S.C. 210, 214, 659 S.E.2d 209, 211 (Ct. App. 2008) ("[W]e apply South Carolina law to the initial determination of arbitrability but look to federal law for additional guidance."); *Wilson v. Willis*, 426 S.C. 326, 335, 827 S.E.2d 167, 172 (2019) ("Whether an arbitration agreement may be enforced against a nonsignatory to the agreement is a matter subject to de novo review by an appellate court."); *Est. of Solesbee by Bayne v. Fundamental Clinical & Operational Servs., LLC*, 438 S.C. 638, 648-49, 885 S.E.2d 144, 149 (Ct. App. 2023), *cert. denied* (Apr. 16, 2024) (finding the admission agreement and

---

[1] The Facility also raised on appeal "[o]ut of an abundance of caution" the circuit court erred by referring to defendants collectively in its order because only the Facility admitted they operated the facility or had provided care or treatment to Doe.  We hold the circuit court collectively referred to defendants in the plural only for the purposes of determining whether to compel arbitration.

arbitration agreement did not merge after considering (1) the admission agreement provided it was governed by South Carolina law and the arbitration agreement provided it was governed by federal law, (2) the arbitration agreement recognized the two documents were separate by stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement," (3) the documents were separately paginated and had their own signature pages, and (4) signing the arbitration agreement was not a precondition to admission); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that by their own terms, language in the admission agreement that "recognize[d] the 'separatedness' of [the arbitration agreement] and the admission agreement" and a clause allowing the arbitration agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 562-63, 813 S.E.2d 292, 302 (Ct. App. 2018) (determining an admissions agreement and arbitration agreement did not merge because the fact "the [a]dmissions [a]greement indicated it was governed by South Carolina law, whereas the [a]rbitration [a]greement stated it was governed by federal law[,]" "each document was separately paginated and had its own signature page[,]" and "the [a]rbitration [a]greement stated signing it was not a precondition to admission" evidenced the parties' intention that the documents be construed as separate instruments). Here, as in *Solesbee* and *Hodge*, (1) the two agreements were governed by different bodies of law because the Admission Agreement was governed by state law and the Arbitration Agreement was governed by federal law; (2) each document was separately labeled, numbered, and contained its own signature page; (3) the Arbitration Agreement recognized the two documents were separate, stating the Arbitration Agreement "shall survive any termination or breach of this Agreement or the Admission Agreement"; and (4) the Facility acknowledged that signing the Arbitration Agreement was not a prerequisite to admission to the Facility. Thus, the Admission Agreement and Arbitration Agreement did not merge. Because we find the documents did not merge, a controlling consideration of whether the Arbitration Agreement bound Doe, we decline to reach the Facility's equitable estoppel argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Est. of Solesbee*, 438 S.C. at 649, 885 S.E.2d at 149 (determining that because the admission agreement and arbitration agreement did not merge, the equitable estoppel argument was properly denied); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was properly denied by the circuit court."); *Hodge*,

422 S.C. at 563, 813 S.E.2d at 302 (concluding "equitable estoppel would only apply if documents were merged").

Second, we hold the circuit court did not err by denying the Facility's request to conduct limited discovery to address gaps in the evidentiary record bearing on the Arbitration Agreement's enforceability under an agency theory. *See Est. of Solesbee*, 438 S.C. at 651, 885 S.E.2d at 150 ("Because we find the trial court correctly held there was no merger of the Agreements and Magnolia's equitable estoppel argument was properly denied, we also find the court did not err in denying its request for further discovery when it would not have changed the result.").

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.