**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas D. Kilpatrick as Special Administrator for the Estate of Anthony Lemon, Respondent,

v.

Pruitthealth-Ridgeway, LLC f/k/a Unihealth Post-Acute Care-Tanglewood, LLC, United Health Services of South Carolina, Inc., Pruitthealth Consulting Services, Inc., Pruitthealth Therapy Services, Inc. f/k/a United Rehab, Inc., Pruitthealth, Inc., Neil Pruitt, Jr., THI of South Carolina at Columbia, LLC d/b/a Midlands Health and Rehabilitation Center, THI of South Carolina, LLC, Fundamental Clinical and Operational Services, LLC, Fundamental Clinical Consulting, LLC, Fundamental Long Term Care Holdings, Inc., Fundamental Administrative Services, LLC, and Hunt Valley Holdings, LLC, Defendants,

Of which THI of South Carolina at Columbia, LLC d/b/a Midlands Health and Rehabilitation Center, THI of South Carolina, LLC, Fundamental Clinical and Operational Services, LLC, Fundamental Administrative Services, LLC, and Hunt Valley Holdings, LLC are the Appellants.

Appellate Case No. 2024-000596

———————————

Appeal From Fairfield County
Patrick Cleburne Fant, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-043

Submitted January 29, 2026 – Filed February 4, 2026

---

**AFFIRMED**

---

Stephen Lynwood Brown, Matthew Oliver Riddle,
Russell Grainger Hines, and Donald Jay Davis, Jr., all of
Clement Rivers, LLP, of Charleston, for Appellants.

Neil Edward Alger, of Parker Law Group, LLP, of
Ridgeland; and John Elliott Parker, Jr., of Parker Law
Group, LLP, of Hampton, both for Respondent.

---

**PER CURIAM:** THI of South Carolina at Columbia, doing business as Midlands Health and Rehabilitation Center (the Facility); THI of South Carolina, LLC; Fundamental Clinical Operational Services, LLC; Fundamental Administrative Services, LLC; and Hunt Valley Holdings, LLC (collectively, Appellants) appeal the circuit court's order denying the Facility's motion to compel to arbitration and Appellants' motions to stay further proceedings of the claims of Thomas D. Kilpatrick, as Special Administrator for the Estate of Anthony Lemon (the Estate). On appeal, Appellants argue the circuit court erred by denying the Facility's motion to compel and their motions to stay. We affirm pursuant to Rule 220(b), SCACR.

First, we hold the circuit court did not err in denying the Facility's motion to compel arbitration because the Admission Agreement and the Arbitration Agreement did not merge.[1] *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."); *MBNA Am. Bank, N.A. v. Christianson*, 377 S.C. 210, 214, 659 S.E.2d 209, 211 (Ct. App. 2008) ("[W]e apply South Carolina law to the initial determination of

---

[1] Because we hold the circuit court did not err by denying the Facility's motion to compel arbitration, it also did not err by denying Appellants' motions to stay.

arbitrability but look to federal law for additional guidance."); *Wilson v. Willis*, 426 S.C. 326, 335, 827 S.E.2d 167, 172 (2019) ("Whether an arbitration agreement may be enforced against a nonsignatory to the agreement is a matter subject to de novo review by an appellate court."); *Est. of Solesbee by Bayne v. Fundamental Clinical & Operational Servs., LLC*, 438 S.C. 638, 648-49, 885 S.E.2d 144, 149 (Ct. App. 2023) (finding the admission agreement and arbitration agreement did not merge after considering (1) the admission agreement provided it was governed by South Carolina law and the arbitration agreement provided it was governed by federal law, (2) the arbitration agreement recognized the two documents were separate by stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement," (3) the documents were separately paginated and had their own signature pages, and (4) signing the arbitration agreement was not a precondition to admission); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that by the documents' own terms, language in the admission agreement that "recognize[d] the 'separatedness' of the [arbitration agreement] and the admission agreement" and a clause allowing the arbitration agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 562-63, 813 S.E.2d 292, 302 (Ct. App. 2018) (determining an admissions agreement and arbitration agreement did not merge because the facts that "the [a]dmissions [a]greement indicated it was governed by South Carolina law, whereas the [a]rbitration [a]greement stated it was governed by federal law[,]" "each document was separately paginated and had its own signature page[,]" and "the [a]rbitration [a]greement stated signing it was not a precondition to admission" evidenced the parties' intention that the documents be construed as separate instruments). Here, as in *Solesbee* and *Hodge*, (1) the two agreements were governed by different bodies of law because the Admission Agreement was governed by state law and the Arbitration Agreement was governed by federal law; (2) each document was separately labeled, numbered, and contained its own signature page; (3) the Arbitration Agreement recognized the two documents were separate, stating the Arbitration Agreement "shall survive any termination or breach of this Agreement or the Admission Agreement"; and (4) the Facility acknowledged that signing the Arbitration Agreement was not a prerequisite to admission to the Facility. Thus, the Admission Agreement and Arbitration Agreement did not merge.

Second, because we find the agreements did not merge—a controlling consideration in whether the Arbitration Agreement bound Anthony Lemon—we decline to reach Appellants' remaining arguments. *See Futch v. McAllister Towing*

*of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Est. of Solesbee*, 438 S.C. at 649, 885 S.E.2d at 149 (determining that because the admission agreement and arbitration agreement did not merge, the equitable estoppel argument was properly denied); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was properly denied by the circuit court."); *Hodge*, 422 S.C. at 563, 813 S.E.2d at 302 (concluding "the Admissions Agreement and Arbitration Agreement did not merge").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.