**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Edith Peoples, as Personal Representative of the Estate of Floyd Young, Respondent,

v.

Pruitt Health - Ridgeway, Appellant.

Appellate Case No. 2022-000599

Appeal From Fairfield County
Brian M. Gibbons, Circuit Court Judge

Unpublished Opinion No. 2026-UP-180
Submitted April 23, 2026 – Filed April 29, 2026

**AFFIRMED**

Joshua Steven Whitley, of Smyth Whitley, LLC, of Charleston, for Appellant.

Harold Alan Oberman, of Oberman & Oberman, of Charleston; David Bradley Jordan, of Jordan Law Firm, P.C., of Rock Hill; and Creighton B. Coleman, of Creighton B. Coleman, LLC, of Winnsboro, all for Respondent.

**PER CURIAM:** Pruitt Health - Ridgeway (the Facility) appeals the circuit court order denying its motion to dismiss and/or stay and compel to arbitration the claims of Edith Peoples, as Personal Representative of the Estate of Floyd Young. On appeal, the Facility argues the circuit court erred in (1) finding the Department of Social Services (DSS) did not have the authority to contract on behalf of a vulnerable adult and (2) not enforcing the arbitration agreement because it is contrary to federal and state laws. We affirm pursuant to Rule 220(b), SCACR.

First, we hold the circuit court did not err in denying the Facility's motion. *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *MBNA Am. Bank, N.A. v. Christianson*, 377 S.C. 210, 214, 659 S.E.2d 209, 211 (Ct. App. 2008) ("[W]e apply South Carolina law to the initial determination of arbitrability but look to federal law for additional guidance."); *Wilson v. Willis*, 426 S.C. 326, 335, 827 S.E.2d 167, 172 (2019) ("Whether an arbitration agreement may be enforced against a nonsignatory to the agreement is a matter subject to de novo review by an appellate court."). We find DSS did not have the authority to sign the arbitration agreement on Young's behalf because the Omnibus Adult Protection Act[1] (the Act) enabling DSS to provide protective services to a vulnerable adult does not grant the authority to waive a constitutional right of a vulnerable adult. *See* § 43-35-10(9) (defining "protective services" as "those services whose objective is to protect a vulnerable adult from harm caused by the vulnerable adult or another. These services include, but are not limited to, evaluating the need for protective services, securing and coordinating existing services, arranging for living quarters, obtaining financial benefits to which a vulnerable adult is entitled, and securing medical services, supplies, and legal services"); *Gissel v. Hart*, 382 S.C. 235, 241, 676 S.E.2d 320, 323 (2009) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit."); *Wilson*, 426 S.C. at 338, 827 S.E.2d at 174 ("South Carolina has recognized several theories that could bind nonsignatories to arbitration agreements under general principles of contract and agency law, including (1) incorporation by reference, (2) assumption, (3) agency, (4) veil piercing/alter ego, and (5) estoppel."); *Pearson v. Hilton Head Hosp.*, 400 S.C. 281, 290, 733 S.E.2d 597, 601 (Ct. App. 2012) ("In the arbitration context, the doctrine recognizes that a party may be estopped from asserting that

---

[1] S.C. Code Ann. §§ 43-35-5 to -595 (2015 & Supp. 2025).

the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause *when he has consistently maintained that other provisions of the same contract should be enforced to benefit him*." (quoting *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000))). Because we find DSS did not have the authority to sign the arbitration agreement on Young's behalf, we hold the circuit court did not err in denying the Facility's motion to dismiss and/or stay and compel arbitration.[2]

Second, because we find DSS did not have the authority to sign the arbitration agreement on Young's behalf—a controlling consideration in whether an agreement to arbitrate exists—we decline to reach the Facility's remaining argument. *See Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Wilson*, 426 S.C. at 336, 827 S.E.2d at 173 ("A party seeking to compel arbitration under the FAA must establish that (1) there is a valid agreement, and (2) the claims fall within the scope of the agreement.").

**AFFIRMED.**[3]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[2] The Facility argues the circuit court's finding that Young had the capacity to enter into the arbitration agreement was erroneous and "fatal" to its legal analysis. Because we find the plain reading of the Act does not grant authority for any person employed by DSS to waive a constitutional right of a vulnerable adult, we need not address the Facility's argument on Young's capacity or lack thereof. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.