571 S.E.2d 711

**William B. STOKES, Respondent,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY
and James Drake, Appellants.**

**No. 3551.**

Court of Appeals of South Carolina.

Heard June 6, 2002.
Decided Sept. 23, 2002.
Rehearing Denied Nov. 21, 2002.

Joseph C. O'Keefe, of Newark, Scott T. Justice, of Columbia, for Appellants.

John F. Hardaway, of Columbia, for Respondent.

STILWELL, J.:

After being terminated from his position at Metropolitan Life Insurance Company (Met Life), William B. Stokes filed suit against Met Life and Met Life employee James Drake, asserting breach of contract, trespass, and conversion. The defendants moved to compel arbitration and stay all proceed-

ings. The circuit court granted the motion to compel arbitration as to the breach of contract but denied it as to the trespass and conversion actions. The court also denied the defendants' motion for a stay and granted Stokes' motion to compel discovery on the remaining claims. Drake and Met Life appeal. We reverse.

## BACKGROUND

Stokes worked for Met Life as an account representative for approximately thirteen years. During his employment, Stokes applied to be registered with the National Association of Securities Dealers (NASD) as an "Investment Company and Variable Contracts Products Representative" by filing an industry application commonly known as a Form U–4. The fourth page of the U–4 form contains a series of statements the applicant must agree to which are listed under a heading admonishing: "The applicant must read the following very carefully." Stokes signified his agreement thereto by signing immediately under this list. The fifth paragraph of the list reads as follows:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations indicated in Item 10 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction.

The only box marked under Item 10 was for registration with the NASD.

In his suit, Stokes asserted his termination by Met Life constituted a breach of his employment contract. Regarding his trespass and conversion claims, Stokes alleged that on the approximate date of his termination, Drake, acting as Met Life's agent, broke into Stokes' rented business office without his permission and converted files and other personal property, depriving Stokes of their use.

In lieu of answering Stokes' complaint, the defendants filed a motion to compel arbitration and stay proceedings pursuant

to the Federal Arbitration Act.[1] They submitted a supporting memorandum as well as a copy of Article I of the NASD's By-laws, copies of two arbitration rules under the NASD Code, and a copy of the Form U–4 signed by Stokes.

In the circuit court, Stokes conceded his breach of contract action was subject to arbitration. However, he argued he was entitled to a jury trial on the trespass and conversion actions and requested the court compel Met Life to respond to Stokes' discovery requests pertaining to those actions.

After a hearing, the court ordered arbitration of Stokes' breach of contract action but refused to order arbitration of his trespass and conversion actions, reasoning:

> The factual issues in the second and third causes of action are distinct from those alleged in the first. Any determination of issues in the first cause of action will not be determinative of or preclusive of any issues in the second and third. The issues to be determined in the second and third causes of action are not directly related to any issues relating to plaintiff's employment. For these same reasons I also find that there is no compelling reason to stay the trial of the second and third causes of action pending the arbitration of the first. No prejudice would inure to the defendants allowing them to go forward and the Plaintiff would be prejudiced by being denied his day in court.

The court also granted Stokes' motion to compel discovery for the trespass and conversion causes of action.

## STANDARD OF REVIEW

"The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise." *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001). Determinations of arbitrability are subject to de novo review. *U.S. v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir.2001); *see also General Equip. & Supp. Co. v. Keller Rigging & Constr., SC, Inc.*, 344 S.C. 553, 556, 544 S.E.2d 643, 645 (Ct.App.2001) (determination whether a party waived its right to arbitrate is a legal conclusion subject to de novo review). However, the circuit court's

---

1. 9 U.S.C. §§ 1 to 307 (2000).

factual findings will not be overruled if there is any evidence reasonably supporting them. *Liberty Builders, Inc. v. Horton,* 336 S.C. 658, 664–665, 521 S.E.2d 749, 753 (Ct.App.1999).

## DISCUSSION

### I. Arbitration of Trespass and Conversion Claims

Drake and Met Life argue the Federal Arbitration Act ("FAA") mandates arbitration of Stokes' trespass and conversion actions. We agree.

■ "Unless the parties have contracted to the contrary, the FAA applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves interstate commerce, regardless of whether or not the parties contemplated an interstate transaction." *Munoz v. Green Tree Fin. Corp.,* 343 S.C. 531, 538, 542 S.E.2d 360, 363 (2001) (footnote omitted). Neither party disputes the FAA applies to claims arising under the Form U–4 Stokes signed in 1992. *See Williams v. Cigna Fin. Advisors, Inc.,* 56 F.3d 656, 660 (5th Cir.1995) (holding arbitration clause under a U–4 Registration is enforceable under the FAA).

■ Section 2 of the FAA provides that an arbitration clause in a contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2000). The United States Supreme Court has held this provision "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In interpreting agreements within the scope of the FAA, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Info. Scis., Inc. v. Bd. of Tr. of the Leland Stanford Junior Univ.,* 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); *see also Moses H. Cone,* 460 U.S. at 24, 103 S.Ct. 927 (holding "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration."). However "the FAA

·does not require parties to arbitrate when they have not agreed to do so, nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement." *Zabinski v. Bright Acres Assocs.*, 346 S.C. at 591–592, 553 S.E.2d at 116 (citation omitted). The FAA "simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Volt,* 489 U.S. at 478, 109 S.Ct. 1248.

■ In his Form U–4, Stokes "agree[d] to arbitrate any dispute, claim or controversy that may arise between [him] and [his] firm, or a customer, or, any other person that is required to be arbitrated under the rules, constitutions, or by-laws" of the NASD. The NASD Code of Arbitration Procedure was created for the

> arbitration of any dispute, claim, or controversy arising out of or in connection with the business of any member of the Association, or arising out of the employment or termination of employment of associated person(s) with any member . . .
>
> . . . .

(b) between or among members and associated persons. NASD Code, Rule 10101.

Rule 10201 of the NASD Code requires arbitration upon the request of a member or associated person. Met Life is a member of the NASD. As an employee of Met Life, Drake is an associated person as defined in Article I of the NASD By-Laws. Stokes does not challenge either of the defendants' status to demand arbitration. Thus because Met Life and Drake have clearly demanded arbitration pursuant to Rule 10201, we must determine whether Stokes' conversion and trespass claims arise out of his employment with or termination by Met Life.

Stokes alleges Drake, acting as an agent of Met Life, broke into his personal rented office and took files and other personal property. Stokes used this office "to perform his responsibilities as a Met Life account representative." Absent his employment with Met Life, Stokes would not have had this office. Furthermore, as the alleged trespass and conversion occurred simultaneously with his termination, they appear to have arisen out of, and would not have occurred but for, Stokes' termination.

Stokes urges us to adopt the "significant aspects" test applied by the Fourth Circuit Court of Appeals in *Zandford v. Prudential–Bache*, 112 F.3d 723, 728–29 (4th Cir.1997). Because numerous opinions on the subject of the arbitrability of disputes have been handed down both by this court and the South Carolina Supreme Court since 1997 and none have adopted the "significant aspects" test, we do not see the need to do so here. In any event, the "significant aspects" test as applied by the Fourth Circuit in *Zandford* differs little if at all from the analysis employed here that is, in summary, whether the source of the dispute arises from the employment or termination of employment.

As the alleged trespass and conversion appear inextricably linked to Stokes' employment and termination, we conclude they fall within the scope of the arbitration clause in Stokes' Form U–4. *See Volt*, 489 U.S. at 476, 109 S.Ct. 1248 (holding any ambiguity regarding scope of arbitration clause must be resolved in favor of arbitrability); *Zabinski*, 346 S.C. at 597, 553 S.E.2d at 118 ("Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. Furthermore, unless the court can say with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the dispute, arbitration should be ordered.") (citations omitted).

## II. Stay

Having determined that Stokes' trespass and conversion actions are subject to arbitration, we next turn to the issues of the automatic stay and the trial court's order to compel discovery. The FAA clearly requires a court stay "any suit or proceeding" pending the arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration" upon the application of one of the parties. 9 U.S.C. § 3 (2000). As the FAA applies to all of Stokes' causes of action, all related state court proceedings are stayed pending resolution of the arbitration.

**REVERSED.**

CURETON and SHULER, JJ., concur.