THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Lucy J. Reuben, PhD and Dr. John A. Cole,       
Respondents,
 
 
 

v.

 
 
 
Palmetto Traditional Homes, L.L.C. and Home Buyers Warranty Corporation, 
 Defendants,
of whom Palmetto Traditional Homes,
L.L.C. is,        Appellant.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2004-UP-283
Submitted April 6, 2004  Filed April 29, 2004 

AFFIRMED

 
 
 
William G. Besley, Esquire, Andrew E. Haselden, Esquire, George 
 V. Hanna, IV, of Columbia; for Appellant.
Carey M. Ayer, Esquire, Lisa Lee Smith, of Lexington; for 
 Respondents.
 
 
 

PER CURIAM:  Lucy J. Reuben and John A. 
 Cole (collectively Respondents) commenced an action against Palmetto Traditional 
 Homes, L.L.C. (Palmetto) alleging negligence, loss of consortium, negligent 
 misrepresentation and breach of express and implied warranties.  Palmetto filed 
 a motion to compel arbitration.  After a hearing, the trial judge found Respondents 
 negligence and loss of consortium claims were not subject to arbitration and 
 denied the motion.  Palmetto appeals.  We affirm.
FACTUAL/PROCEDURAL
BACKGROUND
Respondents entered into an agreement 
 to purchase a new home from Palmetto for $266,900.  Respondents allege that 
 prior to the closing, Palmetto took Respondents on a walk-through of the house, 
 at which time they were shown an upstairs room over the garage which Palmetto 
 represented to be a storage room, suitable for storing personal items.  Respondents 
 further allege that the door to the storage area had a doorknob on each side, 
 indicating the doorway was to be utilized to enter the storage area and that 
 the door could be closed by a person standing inside the storage room.  Palmetto 
 denies that it represented personal items could be stored in the storage room 
 or that the room was suitable for walking and/or standing.  
The Respondents purchased the home on February 
 18, 2000.  On December 3, 2000, Respondent Reuben entered the storage room; 
 however, the flooring did not support her weight, and she fell through the floor 
 and landed atop a car in the garage below.  Respondents allege Reuben sustained 
 serious personal injuries as a result of the fall.  
Respondents filed a complaint against 
 Palmetto alleging various causes of action based on negligence and breach of 
 warranty.  Palmetto filed an answer and a motion to compel arbitration asserting 
 the purchase agreement required any claims arising out of or related to the 
 agreement were to be settled by arbitration, and that the contract documents 
 between the parties required Respondents to arbitrate this dispute.  Respondents 
 conceded that their claims for negligent misrepresentation, breach of express 
 warranty, and breach of implied warranty of habitability were subject to arbitration 
 under the agreement.  However, they contended their causes of action for negligence 
 and loss of consortium were not subject to arbitration.  After a hearing on 
 the matter, the trial judge denied Palmettos motion to compel arbitration finding 
 (1) Respondents personal injury claims did not arise out of the contract and 
 were not subject to arbitration and (2) S.C. Code Ann. § 15-48-10(b)(4) specifically 
 excludes personal injury claims from arbitration and that the Federal Arbitration 
 Act (FAA) did not preempt the South Carolina Uniform Arbitration Act (SCUAA).  

 STANDARD
OF REVIEW
 Unless otherwise provided by the parties, 
 the question of the arbitrability of a claim is an issue for judicial determination.  
 Stokes v. Metropolitan Life Ins. Co., 351 S.C. 606, 609, 571 S.E.2d 
 711, 713 (Ct. App. 2002).  The determination of whether or not a matter is 
 arbitrable is subject to de novo review.  Id.  However, 
 a circuit courts factual findings on the arbitrability of a claim will not 
 be overruled if there is any evidence reasonably supporting them.  Id.  
 at 609-10, 571 S.E.2d at 713.
 LAW/ANALYSIS
 Palmetto contends the trial court erred in 
 denying its motion to compel arbitration.  It argues (1) Respondents claims 
 for negligence and loss of consortium fall within the scope of the arbitration 
 agreement and (2) even though S.C. Code Ann § 15-48-10(b)(4) of the SCUAA 
 excludes personal injury claims, the FAA preempts the SCUAA with respect 
 to Respondents claims.  Because we find Respondents claims for negligence 
 and loss of consortium do not fall within the scope of the parties arbitration 
 agreement, we find the trial court properly denied the motion to compel.  
 Accordingly, we need not reach the issue of preemption.  
 An arbitration clause is a contractual 
 term, and general rules of contract interpretation must be applied to determine 
 a clauses applicability to a particular dispute.  Towles v. United 
 HealthCare Corp., 338 S.C. 29, 41, 524 S.E.2d 839, 846 (Ct. App. 1999).  
 Arbitration rests on the agreement of the parties, and the range of issues 
 that can be arbitrated is restricted by the terms of the agreement; a party 
 cannot be required to submit to arbitration any dispute which he has not 
 agreed to submit.  Zabinski v. Bright Acres Assocs., 346 S.C. 580, 
 596-97, 553 S.E.2d 110, 118 (2001).     
 The arbitration agreement in the instant case provides 
 in pertinent part:

 Any controversy, claim or dispute arising out of or relating 
 to this Agreement or your purchase of the Home including claims under the 
 Limited Warranty shall be settled by arbitration pursuant to the Uniform 
 Arbitration Act, Section 15-48-10 et seq., Code of Laws of South 
 Carolina (1976) as amended, in accordance with the Construction Industry 
 Arbitration Rules of the American Arbitration Association (AAA), and judgment 
 rendered by the arbitrator(s) may be confirmed, entered and enforced in 
 any court having jurisdiction.  

 The plain meaning of this clause 
 is that arbitration was intended by the parties to resolve all disputes 
 arising out of or relating to the purchase of the home.  The clause is expressly 
 limited to [a]ny controversy, claim or dispute arising out of or relating 
 to this Agreement or your purchase of the Home including claims 
 under the Limited Warranty. (emphasis added) Thus, the arbitration 
 clause would clearly apply to contract-based causes of action  those claims 
 relating to the agreement, the purchase of the home, or the limited warranty.  
 However, Respondents claims for negligence and loss of consortium are tort-based 
 claims, unrelated to any of these three subjects.  
 In order to decide whether an arbitration agreement 
 encompasses a dispute, the court must determine whether the factual allegations 
 underlying the claim fall within the scope of the arbitration clause, regardless 
 of the label assigned to the claim.  Zabinski, 346 S.C. at 597, 553 
 S.E.2d at 118.  One method to determine whether a tort cause of action falls 
 within the scope of an agreement to arbitrate is to determine whether the 
 particular tort claim is so interwoven with the contract that it could not 
 stand alone.  Id., at 597 n.4, 553 S.E.2d at 119 n.4.  [I]f the 
 tort claim is completely independent of the contract and could be maintained 
 without reference to the contract, the tort claim is not arbitrable.  Id.  
 
 In the instant case, Respondents alleged personal 
 injuries stem from the fact that a storage room was improperly constructed 
 such that it could not support Reubens weight.  As public policy imposes 
 a legal duty upon builders to construct safe housing, Respondents need not 
 sue Palmetto under the contract to recover for such tort-based injuries.  
 See Kennedy v. Columbia Lumber & Mfg. Co., 299 S.C. 335, 
 346, 384 S.E.2d 730, 737 (1989) (public policy . . . demands the imposition 
 of a legal duty on a builder to refrain from constructing housing that he 
 knows or should know will pose serious risks of physical harm. . . and 
 such a duty . . . should extend to foreseeable parties. . . .).  In the 
 case at hand, the alleged serious risk of physical harm was not personal 
 to Respondents as those who purchased the home and entered the arbitration 
 agreement.  We find compelling Palmettos argument that the person falling 
 through the floor could have been a household member or guest in the home 
 who would not be bound by the arbitration agreement, yet could maintain 
 a tort action against Palmetto.  The fact that Reuben is a party to the 
 agreement and is the person who allegedly fell through the floor is inconsequential.  
 The personal injuries alleged by Respondents, based on Palmettos negligent 
 acts, are not so interwoven with the contract that they could not stand 
 alone.
 AFFIRMED.
 HUFF, STILWELL, and CURETON, 
 A.J., concur.