THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Louise Trask and James E. Garrison, III, M.D., as Co-Personal Representatives of the Estate of Louise Canada McKinney, Deceased, and Co-Trustees of the Virginia T. Howell Revocable Trust, Respondents,
 
 
 

v.

 
 
 
 Jiffy McIntosh, Judy Darrough, Jerry McKinney, American Skandia Life Assurance Company, Coastal Investor Services, Inc., Michael Hill, and Lorena Queen, 
 Of whom Michael Hill is the Appellant.
 
 
 

Appeal From Horry County
 J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2006-UP-029
Heard January 10, 2006  Filed January 12, 2006    

REVERSED AND REMANDED

 
 
 
 Richard C. Burke, of Charleston, for Appellant.
 Thomas A. Holloway, of Beaufort, for Respondents.
 
 
 

PER CURIAM:  Michael Hill appeals from an order denying his motion to compel arbitration.  We reverse and remand.
FACTS
On May 30, 1997, Mary Garrison, in her capacity as trustee of the Virginia T. Howell Revocable Trust, opened a brokerage account for the purchase of annuities with Robert Thomas Securities, Inc., through their Myrtle Beach branch office, Coastal Investor Services, Inc., and their employee, Michael Hill. The contract between Garrison and Hill incorporated by reference a “Client Agreement” that contained a binding arbitration clause, which Garrison acknowledged receipt of by her signature. The Client Agreement contained an arbitration clause that applied to all disputes arising under the contract and bound all successors in interest to the terms of the agreement. Neither Garrison nor Hill signed the Client Agreement. Garrison died on May 1, 2001. 
On August 26, 2002, Louise Trask and James Garrison, who are successor trustees to the Howell Trust, filed an action against Hill, alleging that Hill was negligent and breached his fiduciary duty by selling Garrison a brokerage account with an incorrect designated beneficiary. In his answer, Hill alleged that the brokerage agreement underlying the action was subject to binding arbitration. Hill filed a motion to stay the action against him and to compel arbitration. On December 15, 2003, after a hearing on Hill’s motion to compel arbitration, Judge John declined to rule on the motion, continuing the matter until the parties conducted limited discovery that was restricted to the issue of arbitrability. However, in the intervening months between the initial hearing and the second hearing on September 14, 2004, the only discovery conducted was Hill’s sua sponte production of his entire documentary file to respondents in May 2004. After the second hearing on the motion, Judge Baxley issued his order denying Hill’s motion to compel arbitration. Hill appeals. 
LAW/ANALYSIS
Hill argues the trial court erred by failing to compel arbitration under the Federal Arbitration Act because there was a binding contract, evidencing intent to arbitrate any disputes arising under the contract.  We agree. 
The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise.  Zabinski v. Bright Acres Assocs., 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001).  Determinations of arbitrability are subject to de novo review.  Stokes v. Metropolitan Life Ins. Co., 351 S.C. 606, 609, 571 S.E.2d 711, 713 (Ct. App. 2002).  

The policy of the United States and South Carolina is to favor arbitration of disputes.  Zabinski, 346 S.C. at 596, 553 S.E.2d at 118.  [U]nless the court can say with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the dispute, arbitration should be ordered.  Id. at 597, 553 S.E.2d at 118.  The arbitration agreement in the instant case states that if the parties cannot resolve a dispute or controversy by mediation, thereafter, any unsettled dispute or controversy will be resolved by arbitration . . . in accordance with the United States Arbitration Act (Title 9 of the United States Code).  Therefore, any claim pursuant to the contract is subject to arbitration.  
The arbitration clause in this case is contained in the Client Agreement.  Garrison signed a contract that stated, By signing below, I acknowledge that I have received, read, understood, and agree to abide by all the terms and conditions set forth in the Client Agreement Incorporated herein by this reference.  The Client Agreement contains a binding arbitration clause and other provisions substantially affecting my rights.  Thus, Garrison and her successors are bound by the arbitration clause in the Client Agreement.     
Additionally, [u]nless the parties have contracted to the contrary, the FAA [Federal Arbitration Act, 9 U.S.C.A. §§ 1 to 16 (West 1999)] applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves interstate commerce, regardless of whether or not the parties contemplated an interstate transaction.  Munoz v. Green Tree Financial Corp., 343 S.C. 531, 538, 542 S.E.2d 360, 363 (2001).  Neither party in this case disputes the FAA applies to claims arising under the contract Garrison signed in 1997.  Therefore, the trial judge erred by applying South Carolina arbitration law and failing to order arbitration in this case.
REVERSED AND REMANDED.
GOOLSBY, ANDERSON, and SHORT, JJ., concur.