**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tammy China, as Personal Representative of the Estate of Emma Lee James, Respondent,

v.

Palmetto Hallmark Operating, LLC d/b/a Hallmark Healthcare Center, and Elite Patient Care of South Carolina, PC, Defendants,

Of which Palmetto Hallmark Operating, LLC d/b/a Hallmark Healthcare Center is the Appellant.

Appellate Case No. 2022-001807

———

Appeal From Dorchester County
R. Markley Dennis Jr., Circuit Court Judge
Robert J. Bonds, Circuit Court Judge

———

Unpublished Opinion No. 2023-UP-394
Submitted December 4, 2023 – Filed December 13, 2023

———

**AFFIRMED**

———

Stephen Lynwood Brown, Russell Grainger Hines, Matthew Oliver Riddle, Donald Jay Davis, Jr., and Kara Shea Grevey, all of Clement Rivers, LLP, of Charleston, for Appellant.

Jessica Lerer Fickling, Amy E. Willbanks, and Matthew B. Robins, all of Strom Law Firm, LLC, of Columbia; and Mario Anthony Pacella, of Strom Law Firm, LLC, of Brunswick, Georgia, all for Respondent.

_____

**PER CURIAM:** Palmetto Hallmark Operating, LLC d/b/a Hallmark Healthcare Center (the Facility) appeals the circuit court's order denying its motion to compel to arbitration the claims of Tammy China, as personal representative of the Estate of Emma Lee James. On appeal, the Facility argues the circuit court erred by denying its motion to compel arbitration. It further argues, that "[a]t a minimum," the circuit court should have granted the Facility's alternative request for permission to conduct limited discovery to address gaps in the evidentiary record bearing on the Arbitration Agreement's enforceability under principles relating to the law of agency. We affirm pursuant to Rule 220(b), SCACR.

First, we hold the circuit court did not err by denying the Facility's motion to compel arbitration because the Admission Agreement and the Arbitration Agreement did not merge. *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."); *Wilson v. Willis*, 426 S.C. 326, 335, 827 S.E.2d 167, 172 (2019) ("Whether an arbitration agreement may be enforced against a nonsignatory to the agreement is a matter subject to de novo review by an appellate court."); *Est. of Solesbee by Bayne v. Fundamental Clinical & Operational Servs., LLC*, 438 S.C. 638, 648-49, 885 S.E.2d 144, 149 (Ct. App. 2023), *cert. pending* (finding the admission agreement and arbitration agreement did not merge after considering (1) the admission agreement provided it was governed by South Carolina law and the arbitration agreement provided it was governed by federal law, (2) the arbitration agreement recognized the two documents were separate by stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement," (3) the documents were separately paginated and had their own signature pages, and (4) signing the arbitration agreement was not a precondition to admission); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that by their own terms, language in

the admission agreement that "recognize[d] the 'separatedness' of [the arbitration agreement] and the admission agreement" and a clause allowing the arbitration agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 562-63, 813 S.E.2d 292, 302 (Ct. App. 2018) (determining an admissions agreement and arbitration agreement did not merge because the fact "the [a]dmissions [a]greement indicated it was governed by South Carolina law, whereas the [a]rbitration [a]greement stated it was governed by federal law[,]" "each document was separately paginated and had its own signature page[,]" and "the [a]rbitration [a]greement stated signing it was not a precondition to admission" evidenced the parties' intention that the documents be construed as separate instruments). Here, as in *Solesbee* and *Hodge,* (1) the two agreements were governed by different bodies of law because the Admission Agreement was governed by state law and the Arbitration Agreement was governed by federal law; (2) each document was separately labeled, numbered, and contained its own signature page; (3) the Arbitration Agreement recognized the two documents were separate, stating the Arbitration Agreement "shall survive any termination or breach of this Agreement or the Admission Agreement"; and (4) the Facility acknowledged that signing the Arbitration Agreement was not a prerequisite to admission to the Facility. Thus, the Admission Agreement and Arbitration Agreement did not merge. Because we find the documents did not merge, a controlling consideration of whether the Arbitration Agreement bound James, we decline to reach the Facility's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Est. of Solesbee*, 438 S.C. at 649, 885 S.E.2d at 149 (determining that because the admission agreement and arbitration agreement did not merge, the equitable estoppel argument was properly denied); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was properly denied by the circuit court."); *Hodge*, 422 S.C. at 563, 813 S.E.2d at 302 (concluding "equitable estoppel would only apply if documents were merged").

Second, we hold the circuit court did not err by denying the Facility's request to conduct limited discovery to address gaps in the evidentiary record bearing on the Arbitration Agreement's enforceability under principles relating to the law of agency. *See Est. of Solesbee*, 438 S.C. at 651, 885 S.E.2d at 150 ("Because we find the trial court correctly held there was no merger of the Agreements and Magnolia's equitable estoppel argument was properly denied, we also find the

court did not err in denying its request for further discovery when it would not have changed the result.").

**AFFIRMED.**[1]

**HEWITT and VERDIN, JJ., and BROMELL HOLMES, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.