**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mary Tisdale, as Personal Representative of the Estate of Earlene Seabrook, Respondent,

v.

Palmetto Lake City Operating, LLC d/b/a Lake City-Scranton Healthcare Center and Jeffrey Gibbs, Defendants,

Of whom Palmetto Lake City-Scranton Operating, LLC d/b/a Lake City-Scranton Healthcare Center is the Appellant.

Appellate Case No. 2021-000586

---

Appeal From Florence County
William H. Seals, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-005
Submitted December 4, 2023 – Filed January 3, 2024

---

**AFFIRMED**

---

Stephen Lynwood Brown, Russell Grainger Hines, Matthew Oliver Riddle, Donald Jay Davis, Jr., Gaillard Townsend Dotterer, III, all of Clement Rivers, LLP, of Charleston, for Appellant.

Daniel Nathan Hughey, Arthur Stuart Hudson, Bradley Hunter Banyas, all of Hughey Law Firm, LLC, of Mount Pleasant; and Jordan Christopher Calloway, of McGowan Hood Felder & Phillips, of Rock Hill, all for Respondent.

---

**PER CURIAM:**  Palmetto Lake City-Scranton Operating, LLC d/b/a Lake City-Scranton Healthcare Center (the Facility) appeals the circuit court's order denying its motion to compel to arbitration the claims of Mary Tisdale, as Personal Representative of the Estate of Earlene Seabrook.  On appeal, the Facility argues the circuit court erred by denying its motion to compel arbitration because (1) the signatory on the Arbitration Agreement had a valid healthcare power of attorney (HCPOA) and (2) the Admission Agreement and the Arbitration Agreement merged.  It further argues, that "[a]t a minimum," the circuit court should have granted the Facility's alternative request for permission to conduct limited discovery to address gaps in the evidentiary record bearing on the Arbitration Agreement's enforceability under principles relating to the law of agency.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in denying the Facility's motion to compel arbitration.  *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them.").

Initially, we hold the HCPOA did not give Tisdale authority to execute the Arbitration Agreement on Seabrook's behalf.  *See Arredondo v. SNH SE Ashley River Tenant, LLC*, 433 S.C. 69, 80-84, 856 S.E.2d 550, 556-58 (2021) (reviewing an identical authorization provision of a HCPOA and finding the authorization did not grant the patient's daughter authority to grant the waivers recited in an arbitration agreement because the authorization was limited to action "necessary" concerning the patient's healthcare and the patient's daughter was not required to sign the agreement), *cert. denied*, 142 S. Ct. 584 (2021); *id.* at 81, 84-85, 856 S.E.2d at 557-59 (holding the HCPOA document did not grant the patient's daughter the authority to execute the arbitration agreement because the "pursuing any legal action" language in the healthcare power of attorney document was in the

context of forcing compliance with the patient's wishes and daughter did not execute the arbitration agreement in connection with an existing claim against the facility). Here, as in *Arredondo*, the Facility acknowledges "the Arbitration Agreement was not a precondition of admission." Thus, Tisdale's signature on the Arbitration Agreement was not necessary to Seabrook receiving care at the Facility. Here, also as in *Arredondo*, Tisdale did not execute the Arbitration Agreement in connection with an existing claim against the Facility, because the document was executed on the day of Seabrook's admission and prior to the development of her injuries. Thus, Tisdale did not execute the Arbitration Agreement in the pursuit of legal action in the context of forcing compliance with Seabrook's wishes. Accordingly, we conclude the HCPOA did not give Tisdale authority to grant the waivers recited in the Arbitration Agreement.

Next, we hold the Admission Agreement and the Arbitration Agreement did not merge. *Est. of Solesbee by Bayne v. Fundamental Clinical & Operational Servs., LLC*, 438 S.C. 638, 648-49, 885 S.E.2d 144, 149 (Ct. App. 2023), *cert. pending* (finding the admission agreement and arbitration agreement did not merge after considering (1) the admission agreement provided it was governed by South Carolina law and the arbitration agreement provided it was governed by federal law, (2) the arbitration agreement recognized the two documents were separate by stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement," (3) the documents were separately paginated and had their own signature pages, and (4) signing the arbitration agreement was not a precondition to admission); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that by their own terms, language in the admission agreement that "recognize[d] the 'separatedness' of [the arbitration agreement] and the admission agreement" and a clause allowing the arbitration agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 562-63, 813 S.E.2d 292, 302 (Ct. App. 2018) (determining an admissions agreement and arbitration agreement did not merge because the fact "the [a]dmissions [a]greement indicated it was governed by South Carolina law, whereas the [a]rbitration [a]greement stated it was governed by federal law[,]" "each document was separately paginated and had its own signature page[,]" and "the [a]rbitration [a]greement stated signing it was not a precondition to admission" evidenced the parties' intention that the documents be construed as separate instruments). Here, as in *Solesbee* and *Hodge*, (1) the two agreements were governed by different bodies of law because the Admission Agreement was governed by state law and the Arbitration Agreement was governed by federal law;

(2) each document was separately labeled, numbered, and contained its own signature page; (3) the arbitration agreement recognized the two documents were separate, stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement"; and (4) the Facility acknowledged that signing the Arbitration Agreement was not a prerequisite to admission to the Facility.  Thus, the Admission Agreement and Arbitration Agreement did not merge.  Because we find the documents did not merge, a controlling consideration of whether the Arbitration Agreement bound Seabrook, we decline to reach the Facility's remaining arguments.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Est. of Solesbee*, 438 S.C. at 649, 885 S.E.2d at 149 (determining that because the admission agreement and arbitration agreement did not merge, the equitable estoppel argument was properly denied); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was properly denied by the circuit court."); *Hodge*, 422 S.C. at 563, 813 S.E.2d at 302 (concluding "equitable estoppel would only apply if documents were merged").

Finally, we hold the circuit court did not err in denying the Facility's request to conduct limited discovery to address gaps in the evidentiary record bearing on the Arbitration Agreement's enforceability under an agency theory.  *See Est. of Solesbee*, 438 S.C. at 651, 885 S.E.2d at 150 ("Because we find the trial court correctly held there was no merger of the Agreements and Magnolia's equitable estoppel argument was properly denied, we also find the court did not err in denying its request for further discovery when it would not have changed the result.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.