**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Debbie Stroud, Guardian ad Litem for James C. Stroud, Respondent,

v.

THI of South Carolina at Greenville, LLC d/b/a Magnolia Manor-Greenville, THI of Baltimore, Inc., and THI of South Carolina, LLC, Appellants.

Appellate Case No. 2022-000398

Appeal From Greenville County
Alex Kinlaw, Jr., Circuit Court Judge

Unpublished Opinion No. 2024-UP-084
Submitted March 13, 2024 – Filed March 20, 2024

**AFFIRMED**

Stephen Lynwood Brown, Russell Grainger Hines, Donald Jay Davis, Jr., Matthew Oliver Riddle, all of Clement Rivers, LLP, of Charleston, for Appellants.

Charles Daniel Pruitt, of Greenville, for Respondent.

**PER CURIAM:** THI of South Carolina at Greenville, LLC d/b/a Magnolia Manor-Greenville (the Facility), THI of Baltimore, Inc., and THI of South

Carolina, LLC, (collectively, Appellants), appeal the circuit court's order denying the Facility's motion to stay the action and compel to arbitration the claims of James C. Stroud (James). On appeal, Appellants argue the circuit court erred by denying the Facility's motion to compel arbitration and in turn, the Appellants' motions to stay.[1] We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by denying the Facility's motion to compel arbitration because the power of attorney document expressly reserved the power to waive a jury trial to James, thus restricting Debbie Stroud (Debbie) from entering into arbitration agreements on James's behalf. Thus, the arbitration agreement Debbie signed as power of attorney for James is not valid or enforceable. *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."). Although the power of attorney document contemplates granting Debbie the right to arbitrate in various subsections of the document, Article VII is titled "Restriction on Powers" and it provides, "Notwithstanding any provision herein to the contrary . . ." and then lists six sections of prohibited actions, actions to avoid, and reserved rights. *See Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18, 113 S. Ct. 1898, 1903, 123 L. Ed. 2d 572 (1993) ("[T]he use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section."). Specifically, Article VII, Section 6 provides: "Reservation of Right to Trial By Jury. I reserve unto myself and do not grant unto my Attorney in Fact the power to waive my right to jury trial and enter into Arbitration Agreements. I do not favor Arbitration, and for that reason I do not grant unto my Attorney in Fact the power to enter Arbitration Agreements." Based on the foregoing, Debbie did not have the authority under the powers granted to her in the power of attorney document to bind James to arbitration. We further hold the Facility did not provide any evidence outside of the power of

---

[1] THI of Baltimore, Inc. and THI of South Carolina, LLC separately filed motions to stay pending arbitration.

attorney in support of its argument that James provided Debbie with authority to bind him to arbitration.[2]

Second, we hold the circuit court did not err by denying the Facility's request to conduct limited discovery to address gaps in the evidentiary record bearing on the Arbitration Agreement's enforceability under an agency theory. *See Est. of Solesbee by Bayne v. Fundamental Clinical & Operational Servs., LLC*, 438 S.C. 638, 651, 885 S.E.2d 144, 150 (Ct. App. 2023), *cert. pending* (finding "the court did not err in denying its request for further discovery when it would not have changed the result.").

**AFFIRMED.**[3]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[2] Based on the foregoing, we also hold the circuit court did not err by failing to grant Appellants' motions to stay. Moreover, because we find the Arbitration Agreement not valid or enforceable, we decline to reach the Facility's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.