**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Stanley Dale Floyd and Stephanie Floyd, Respondents,

v.

SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehab Center; SSC Equity Holdings, LLC; SavaSeniorCare, LLC; SavaSeniorCare Administrative and Consulting, LLC; SavaSeniorCare Consulting, LLC; SMV Sumter East, LLC; and Natasha Nadkarni, Appellants.

Appellate Case No. 2023-001126

———————

Appeal From Sumter County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-276
Submitted July 17, 2024 – Filed July 24, 2024

———————

**AFFIRMED**

———————

David Lee Williford, II, and Timothy Maio, both of Huff, Powell & Bailey, LLC, of Greenville, for Appellants.

Matthew W. Christian, of Christian & Christian, LLC, of Greenville; and Jordan Christopher Calloway, of McGowan Hood Felder & Phillips, of Rock Hill, all for Respondents.

**PER CURIAM:** SSC Sumter East Operating Company, LLC d/b/a Sumter East Health and Rehab Center (the Facility); SSC Equity Holdings, LLC; SavaSeniorCare, LLC; SavaSeniorCare Administrative and Consulting, LLC; SavaSeniorCare Consulting, LLC; SMV Sumter East, LLC; and Natasha Nadkarni (collectively, Appellants) appeal the circuit court's order denying the Facility and Nadkarni's motion to compel arbitration and the remaining Appellants' motions to stay the case pending arbitration. On appeal, Appellants argue the circuit court erred by denying the motion to compel arbitration because Stephanie Floyd (Stephanie) is bound by the Arbitration Agreement she signed in connection with the admission of her husband, Stanley Dale Floyd (Dale), to the Facility, and thus, she is required to arbitrate her loss of consortium claim. We affirm pursuant to Rule 220(b), SCACR.

Assuming arguendo, the Arbitration Agreement was authentic and not ambiguous, and that proper consideration was given, we hold the circuit court did not err by denying the Facility's motion to compel arbitration because the Arbitration Agreement is not enforceable as to Stephanie. *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them.").

Here, Stephanie signed paperwork on Dale's behalf in connection with his admission to the Facility while Dale was being transported from the hospital to the Facility. Two of the documents presented to Stephanie were purportedly an Admissions Agreement and an Arbitration Agreement. The Arbitration Agreement explained the Facility had "a program to resolve disagreements with residents and their families or legal representatives called the Dispute Resolution Program," and that "BY AGREEING TO HAVE ALL DISAGREEMENTS RESOLVED THROUGH THE DISPUTE RESOLUTION PROGRAM, THE PARTIES AGREE TO WAIVE THE RIGHT TO A JUDGE OR A JURY TRIAL AND TO HAVE THE DISPUTE RESOLVED THROUGH VARIOUS STEPS, CULMINATING IN A DECISION BY AN ARBITRATOR." The Arbitration Agreement contained three sections for signature—the first was intended for the

resident's signature if the resident was competent, but it had a separate line for a representative to sign if the resident was mentally competent but physically unable to sign the Arbitration Agreement, the second and third sections were intended for signatures of a legal representative or family member if the resident was "adjudged incompetent." The second and third sections also stated, "In signing this Agreement, the Legal Representative or Family Member binds both the Resident and themselves individually," and provided a signature line for the "Signature of Legal Representative or Family Member." After a short stay at the Facility, Dale returned to the hospital. Subsequently, Stephanie and Dale served and filed a complaint against Appellants, and Stephanie specifically asserted a cause of action for loss of consortium. The Appellants then filed their respective motions to compel arbitration and stay the proceedings until arbitration was complete. The circuit court denied Appellants' motions. First, it explained there was "no evidence that [Dale] was not competent or not able to sign any documents on his own behalf"—a finding not challenged on appeal—and found Stephanie had no authority to bind Dale to the Arbitration Agreement and that the Admission Agreement and Arbitration Agreement did not merge; thus, the Arbitration Agreement was not enforceable against Dale. It also found, among other things, that the arbitration agreement was not enforceable against Stephanie because "the terms of the Agreement required [Dale], not [Stephanie] to sign." On appeal, Appellants do not challenge the circuit court's finding's that Dale is not bound by the Arbitration Agreement, rather, they solely argue Stephanie should be compelled to arbitrate her loss of consortium claim. We find that under the terms of the third signature section—the section Stephanie signed—Stephanie would only be bound if (1) she signed and (2) Dale was "adjudged incompetent." Because the circuit court found Dale was competent, the conditions necessary to bind Stephanie were not present. Thus, she is not bound by the Arbitration Agreement. *See Stokes*, 351 S.C. at 609-10, 571 S.E.2d at 713 ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."); *S.C. Dep't of Transp. v. M & T Enterprises of Mt. Pleasant, LLC*, 379 S.C. 645, 655, 667 S.E.2d 7, 13 (Ct. App. 2008) ("When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used, to be taken and understood in their plain, ordinary, and popular sense.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.