**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eugene W. Villanova and Ruth L. Villanova, by and through Karen Lynn Ward, their attorney-in-fact, and on behalf of those similarly situated, Respondents,

v.

Pacifica Skylyn, LLC d/b/a Pacifica Senior Living Skylyn, and Matthew Arledge, Appellants.

Appellate Case No. 2023-001343

Appeal From Spartanburg County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No. 2024-UP-318
Submitted September 19, 2024 – Filed September 25, 2024

**AFFIRMED**

Jonathan Gamble Roquemore, Joshua Daniel Shaw, Paul Edward Allen, Jr., all of Hedrick Gardner Kincheloe & Garofalo, LLP, of Columbia, for Appellants.

Patrick E. Knie, of Knie & Shealy Attorneys at Law, of Spartanburg; and Sam Mitchell Slade, Jr., of Spartanburg, both for Respondents.

**PER CURIAM:** Pacifica Skylyn, LLC d/b/a Pacifica Senior Living Skylyn, and Matthew Arledge (Appellants) appeal the circuit court's order denying their motion to compel arbitration. On appeal, Appellants argue they provided uncontroverted evidence of the full text of the Arbitration Agreement contained in the Residence and Services Agreement executed by Eugene W. Villanova and Ruth L. Villanova's attorney-in-fact, Karen Ward. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by denying Appellants' motion to compel arbitration because Appellants have not met their burden of proof regarding whether there was a valid Arbitration Agreement. *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."); *Wilson v. Willis*, 426 S.C. 326, 336, 827 S.E.2d 167, 173 (2019) ("A party seeking to compel arbitration under the [Federal Arbitration Act] must establish that (1) there is a valid agreement, and (2) the claims fall within the scope of the agreement."); *id.* ("The consideration of contract validity is normally addressed applying general principles of state law governing the formation of contracts."); *Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.