**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Beverly Vaughn, as Personal Representative of the Estate of Loris Paris, Respondent,

v.

Saint Matthews Healthcare, LLC; Melissa Kizer; Melissa Davis; and Angela Smith Teliha, Defendants,

Of which Saint Matthews Healthcare, LLC; Melissa Kizer; and Melissa Davis are the Appellants.

Appellate Case No. 2025-000296

———————

Appeal From Orangeburg County
Maite Murphy, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-260
Submitted May 21, 2026 – Filed June 3, 2026

———————

**AFFIRMED**

———————

Stephen Lynwood Brown, Russell Grainger Hines, Donald Jay Davis, Jr., and James D. Gandy, III, all of Clement Rivers, LLP, of Charleston, for Appellants.

Joshua P. Cantwell, of Cantwell Law Firm, LLC, of Charleston, for Respondent.

———————

**PER CURIAM:** Saint Matthews Healthcare, LLC (the Facility), Melissa Kizer, and Melissa Davis (collectively, Appellants) appeal the circuit court's order denying the Facility's motion to compel to arbitration the claims of Beverly Vaughn, as Personal Representative of the Estate of Loris Paris (the Estate) and the remaining Appellants' motions to stay. On appeal, Appellants argue the circuit court erred in denying their motions because it erroneously found (1) George Paris (George) did not have authority to sign the Arbitration Agreement on Loris's behalf, (2) the Arbitration Agreement was unconscionable, (3) the Arbitration Agreement lacked consideration or benefit to the Estate, (4) the Admission Agreement and Arbitration Agreement did not merge, (5) *Estate of Solesbee by Bayne v. Fundamental Clinical and Operational Services, LLC*[1] controlled the disposition of this case, and (6) equitable estoppel did not apply to the Estate to prohibit it from denying the enforceability of the Arbitration Agreement. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by denying Appellants' motion to compel arbitration. *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review."); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them.").

First, we hold George did not have authority to execute the Arbitration Agreement on Loris's behalf because the evidence in the record does not support the existence of an agency relationship. *See Froneberger v. Smith*, 406 S.C. 37, 49, 748 S.E.2d 625, 631 (Ct. App. 2013) ("Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." (quoting Restatement (Third) of Agency § 1.01 (2006))); *Hodge v. UniHealth Post-Acute Care of Bamberg, LLC*, 422 S.C. 544, 565, 813 S.E.2d 292, 304 (Ct. App. 2018) ("A party asserting agency as a basis of liability must prove the existence of the agency, and the agency must be clearly established by the facts." (quoting *McCall v. Finley*, 294 S.C. 1, 6, 362 S.E.2d 26, 29 (Ct. App. 1987))); *Vereen v. Liberty Life Ins. Co.*, 306 S.C. 423, 427, 412 S.E.2d 425, 428 (Ct. App.

---

[1] 438 S.C. 638, 885 S.E.2d 144 (Ct. App. 2023).

1991) (explaining the burden of establishing agency is on the party asserting that a principal agency relationship exists); *Hodge*, 422 S.C. at 565, 813 S.E.2d at 304 ("The existence of an agency relationship is . . . determined by the relation, the situation, the conduct, and the declarations of the party sought to be charged as principal." (quoting *Langdale v. Carpets*, 395 S.C. 194, 201, 717 S.E.2d 80, 83 (Ct. App. 2011))); *id.* at 566, 813 S.E.2d at 304 ("A true agency relationship may be established by evidence of actual or apparent authority." (quoting *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 432, 540 S.E.2d 113, 117 (Ct. App. 2000))). George's signing of the Admission Agreement and Arbitration Agreement does not make him Loris's agent. A review of the record does not establish how Loris represented to Appellants that George was her agent. First, George did not have actual authority. There is no evidence to support that Loris conferred authority to George through a legal document. In fact, at the time of signing, Loris had a springing durable power of attorney that named Vaughn as Loris's Attorney-in-Fact if Loris was deemed incapacitated or incompetent. Although there was testimony that Vaughn gave George permission to execute the documents required for Loris's admission into the facility, Vaughn's authority to bind Loris did not spring into effect until Loris was deemed incompetent, which did not occur until the day after George signed the Arbitration Agreement. Thus, at the time George signed the Arbitration Agreement, George did not have actual authority to bind Loris. Second, George did not have apparent authority to bind Loris. There is no evidence to support that Loris was present when George signed the Arbitration Agreement or that Loris in any other way represented to the Facility that George was her agent. *See Froneberger*, 406 S.C. at 47, 748 S.E.2d at 630 ("Under South Carolina law, '[t]he elements which must be proven to establish apparent agency are: (1) that the purported principal consciously or impliedly represented another to be his agent; (2) that there was a reliance upon the representation; and (3) that there was a change of position to the relying party's detriment.'" (quoting *Graves v. Serbin Farms, Inc.*, 306 S.C. 60, 63, 409 S.E.2d 769, 771 (1991))); *Hodge*, 422 S.C. at 566, 813 S.E.2d at 304 ("[A]n agency may not be established solely by the declarations and conduct of an alleged agent." (quoting *Cowburn v. Leventis*, 366 S.C. 20, 39-40, 619 S.E.2d 437, 448 (Ct. App. 2005))); *Thompson v. Pruitt Corp.*, 416 S.C. 43, 55, 784 S.E.2d 679, 686 (Ct. App. 2016) ("Further, the authority conveyed by a principal to an agent to handle finances or make health care decisions does not encompass executing an agreement to resolve legal claims by arbitration, thereby waiving the principal's right of access to the courts and to a jury trial."); *Froneberger*, 406 S.C. at 47-48, 748 S.E.2d at 630 (holding that to establish apparent authority, the proponent must show, among other things, "the purported principal consciously or impliedly represented another to be his agent").

Next, we hold the Admission Agreement and the Arbitration Agreement did not merge. *See Solesbee*, 438 S.C. at 648-49, 885 S.E.2d at 149 (finding the admission agreement and arbitration agreement did not merge after considering (1) the admission agreement provided it was governed by South Carolina law and the arbitration agreement provided it was governed by federal law, (2) the arbitration agreement recognized the two documents were separate by stating the arbitration agreement "shall survive any termination or breach of this Agreement or the Admission Agreement," (3) the documents were separately paginated and had their own signature pages, and (4) signing the arbitration agreement was not a precondition to admission); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that by their own terms, language in the admission agreement that "recognize[d] the 'separatedness' of [the arbitration agreement] and the admission agreement" and a clause allowing the arbitration agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge*, 422 S.C. at 562-63, 813 S.E.2d at 302 (determining an admissions agreement and arbitration agreement did not merge because the fact "the [a]dmissions [a]greement indicated it was governed by South Carolina law, whereas the [a]rbitration [a]greement stated it was governed by federal law[,]" "each document was separately paginated and had its own signature page[,]" and "the [a]rbitration [a]greement stated signing it was not a precondition to admission" evidenced the parties' intention that the documents be construed as separate instruments). Here, as in *Solesbee* and *Hodge*, (1) the two agreements were governed by different bodies of law because the Admission Agreement was governed by state law and the Arbitration Agreement was governed by federal law; (2) each document was separately labeled, numbered, and contained its own signature page; (3) the Arbitration Agreement recognized the two documents were separate, stating the Arbitration Agreement "shall survive any termination or breach of this Agreement or the Admission Agreement"; and (4) the Facility acknowledged that signing the Arbitration Agreement was not a prerequisite to admission to the Facility. Further, in this case, the Admission Agreement and Arbitration Agreement, though both signed by George, were executed days apart. Thus, the Admission Agreement and Arbitration Agreement did not merge. Because we find the documents did not merge, a controlling consideration of whether the Arbitration Agreement bound Loris, we decline to reach Appellants' remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Solesbee*, 438 S.C. at 649, 885 S.E.2d at 149 (determining that because the

admission agreement and arbitration agreement did not merge, the equitable estoppel argument was properly denied); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was properly denied by the circuit court."); *Hodge*, 422 S.C. at 563, 813 S.E.2d at 302 (concluding "equitable estoppel would only apply if documents were merged").

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.